

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK T. JUNEAU<br>        Plaintiff | CIVIL ACTION |
| | NO. 03-3153 |
| VERSUS | SECTION "S" (4) |
| BUCK KREIHS CO., INC., AND | JUDGE LEMMON |
| INTERNATIONAL ASSOCIATION OF<br>MACHINISTS AND AEROSPACE WORKERS,<br>CRESCENT CITY LODGE LOCAL 37,<br>AFL-CIO | MAGISTRATE JUDGE ROBY |
|         Defendants. | |

### INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, CRESCENT CITY LODGE LOCAL 37, AFL-CIO'S MOTION FOR SUMMARY JUDGMENT

Defendant, International Association of Machinists and Aerospace Workers, Crescent City Lodge 37, AFL-CIO, hereinafter the Union, moves this Honorable Court, in accordance with F.R.C.P. 56, to grant summary judgment in is favor on all issues.

In support of the Motion, the Union refers to its Memorandum in Support and its record exhibits, as well as the attached statement of material facts.

1

Defendant Union respectfully requests that this Court enter a judgment in favor of the Union dismissing Plaintiff's cause of action, with prejudice.

Respectfully submitted,

ROBEIN, URANN & LURYE

_____
WILLIAM LURYE (LA. BAR NO. 17032)
ANDREA J. WILKES (LA. BAR NO. 26305)
2540 Severn Avenue, Suite 400 (70002)
Post Office Box 6768
Metairie, LA 70009-6768
Telephone: (504) 885-9994
Attorneys for Defendant, International Association of Machinists and Aerospace Workers, Crescent City Lodge Local 37, AFL-CIO

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing pleading has been forwarded to counsel for plaintiff and counsel for defendant, Buck Kreihs, by hand delivery, this 30th day of November, 2004.

_____
Andrea J. Wilkes

F:\APPS\WP51\Andrea\iamaw37\MSJ.wpd

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK T. JUNEAU<br>            Plaintiff | CIVIL ACTION |
| | NO. 03-3153 |
| VERSUS | SECTION "S" (4) |
| BUCK KREIHS CO., INC., AND<br>INTERNATIONAL ASSOCIATION OF<br>MACHINISTS AND AEROSPACE WORKERS,<br>CRESCENT CITY LODGE LOCAL 37,<br>AFL-CIO<br>            Defendants. | JUDGE LEMMON<br><br>MAGISTRATE JUDGE ROBY |

### INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, CRESCENT CITY LODGE LOCAL 37, AFL-CIO'S STATEMENT OF UNCONTESTED MATERIAL FACTS

1.  Buck Kreihs Co., Inc. ("Kreihs") hired Mark T. Juneau as a machinist in October 1995.[1] T.6.

2.  Machinists at Kreihs are covered employees in accordance with a collective bargaining agreement ("CBA") between Kreihs and International Association of Machinists and

---

[1] Citations to the deposition transcript of plaintiff Mark T. Juneau are referenced by T. followed by the page.

1

Aerospace Workers, Crescent City Lodge Local 37, AFL-CIO ("Union"). T.116; CBA attached a Exhibit 2.

3. The CBA has a mandatory grievance procedure which requires the filing of a grievance within seven days of the event giving rise to the grievance. CBA, Juneau Deposition Union Exhibit 5, Article XXI, Section 2(a).

4. The CBA provides that an employee loses his status as an employee after seven consecutive weeks without work. CBA, Juneau Deposition Union Exhibit 5, Article XX, Section 8.

5. Kreihs last day of work at Kreihs was April 26, 2001. T.25.

6. Juneau filed for permanent disability benefits with the Social Security Administration on April 3, 2002. T.15.

7. Juneau discovered on May 30, 2003 that his personal tools had been stolen from his locked tool boxes at the Kreihs facility. T.40.

8. Juneau asked Union steward Wayne English to file a grievance on his behalf regarding the stolen tools on July 30, 2003. T.49.

9. Juneau never asked the Union to file a grievance on his behalf regarding vacation pay owed to him by Kreihs. T.121.

10.  Juneau never notified the Union any vacation pay was owed to him by Kreihs prior to the filing of the Complaint in Case No. 03-3153. T.121, Complaint.

>Respectfully submitted,
>
>ROBEIN, URANN & LURYE
>
>_____
>WILLIAM LURYE (LA. BAR NO. 17032)
>ANDREA J. WILKES (LA. BAR NO. 26305)
>2540 Severn Avenue, Suite 400 (70002)
>Post Office Box 6768
>Metairie, LA 70009-6768
>Telephone: (504) 885-9994
>Attorneys for Defendant, International Association of Machinists and Aerospace Workers, Crescent City Lodge Local 37, AFL-CIO

### CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing pleading has been forwarded to counsel for plaintiff and counsel for defendant, Buck Kreihs, by hand delivery, this 30th day of November, 2004.

_____
Andrea J. Wilkes

F\APPS\WP51\Andrea\iamaw37\StatementUncontMatFactswpd.wpd

3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK T. JUNEAU<br>      Plaintiff | CIVIL ACTION |
| | NO. 03-3153 |
| VERSUS | SECTION "S" (4) |
| BUCK KREIHS CO., INC., AND<br>INTERNATIONAL ASSOCIATION OF<br>MACHINISTS AND AEROSPACE WORKERS,<br>CRESCENT CITY LODGE LOCAL 37,<br>AFL-CIO<br>      Defendants. | JUDGE LEMMON<br><br>MAGISTRATE JUDGE ROBY |

**MEMORANDUM IN SUPPORT OF
INTERNATIONAL ASSOCIATION
OF MACHINISTS AND AEROSPACE WORKERS,
CRESCENT CITY LODGE LOCAL 37, AFL-CIO'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

MAY IT PLEASE THE COURT:

**I.   INTRODUCTION**

Defendant International Association of Machinists and Aerospace Workers, Crescent City Lodge Local 37, AFL-CIO, hereinafter the "Union," hereby submits this memorandum in support

-1-

of its motion for summary judgment in the above referenced cause of action. In support of this memorandum, the Union shows there are no material facts genuinely in dispute. The Union cites to the transcript of the deposition of Plaintiff Mark T. Juneau as "T." followed by the page number (attached as Exhibit 1), and the Union's exhibits to Juneau's deposition as "U." followed by the exhibit number.

## II.   STATEMENT OF THE CASE

### A. Procedural History

Plaintiff Mark T. Juneau filed a "hybrid" action under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185(a), against defendants Buck Kreihs, Co., Inc. and the Union. Juneau alleged (1.) that his employer Buck Kreihs Co., Inc. ("Kreihs") violated a collective bargaining agreement by a.) refusing to compensate him after Juneau's personal tools were stolen from Kreihs' facility by persons unknown, and b.) failing to pay him accrued vacation pay; and (2.) the Union violated its duty of fair representation by failing to process any grievances on his behalf involving these allegations. Juneau also alleges that Kreihs violated Louisiana state laws relating to the theft of the tools and failure to pay him vacation pay. Juneau seeks a remedy including compensation for his stolen tools and damaged tool boxes, vacation pay, attorney fees, court costs, penalties, damages and interest.

### B. Statement of the Facts

Juneau was hired by Kreihs in October 1995 as a full time machinist. T.6. As a machinist, Juneau was a member of a bargaining unit represented by the Union which entered into successive collective bargaining agreements with Kreihs. T.11. At all times relevant to these proceedings, Juneau had a copy of the operative collective bargaining agreement ("CBA") in

effect between the parties from 1999 through 2004. T.116. The CBA contains mandatory grievance and arbitration procedures. U.5, Articles XXI and XXII.

In April 2001, Juneau was injured at his home and has been unable to work as a machinist since that time. T.12. Juneau has been determined permanently disabled and receives social security benefits in consequence. T.12. Juneau's last day of work for Kreihs was April 26, 2001. T.25.

As a machinist at Kreihs, Juneau used personal tools on the job which he kept locked in personal tool boxes stored in the shop area at the Kreihs facility. T.23, 87. More than two years after his disabling injury and his last day of work, Juneau returned to the Kreihs facility on May 30, 2003 to retrieve a tool that a relative sought to borrow. T.43, 93. He then discovered that his tool boxes had been broken into and many of his personal tools had been stolen. T.43.

Juneau claims that when he discovered the theft on May 30, 2003 he reported it to Kreihs supervisor Raymond Sheehan. T.43. Juneau claims he returned to Kreihs on June 2, 2003 and discussed the theft with other Kreihs employees including Union steward Wayne English. T.44. According to Juneau, he asked English if English could do anything for him and English told him he did not want to get involved. T.45.

Juneau testified he telephoned English on July 30, 2003, and asked the Union to file a grievance on his behalf concerning the stolen tools. T.49. English allegedly told Juneau he would consult with Union official Sue Harding at the next Union meeting and asked Juneau to call him back to discuss it further. T.102. Juneau claims he next spoke to English on August 14, 2003, at which time English reportedly advised him that the Union would not file a grievance because the Union did not have jurisdiction. T.108.

-3-

Juneau never discussed any issues regarding owed vacation pay with any Union officials. Juneau never asked the Union to file a grievance concerning vacation pay he contended was owed him by Kreihs. T.121.

### III. ARGUMENT

A. Summary Judgment Standard

Summary judgment is appropriate if the record reflects no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56 (c); Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party bears the burden to establish the absence of a genuine material issue of fact or the absence of evidence supporting the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-325 (1986). Once the moving party has met this burden, the non-moving party must establish "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). When determining whether there is a genuine material fact in dispute, the facts "must be viewed in the light most favorable to the party opposing the motion." *United States v Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Accord, Matushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Olabisiomotosho v. City of Houston*, 185 F.3d 521 (5th Cir. 1999).

B.  Breach of the Duty of Fair Representation

1. No Standing

The Union is entitled to summary judgment because Juneau lacks standing to proceed on his claims against the Union as a matter of law. Juneau's last day of work was April 26, 2001. The CBA explicitly terminates the rights of employees after seven weeks without work. It states:

"An employee who has not performed any work for the Employer for a period of

-4-

seven (7) consecutive calendar weeks from the last work performed for the Employer shall be removed from the Employer's official payroll and the employee will no longer be considered an employee of the Employer." Exhibit 2, Article XX, Section 8.

Juneau was no longer a member of the bargaining unit because he was no longer an employee. The Union had no duty to represent Juneau by operation of statute. In *Merk v. Jewel Co., Inc.*, 848 F. 2d 761, 765 (7th Cir. 1988) *cert. denied*, 488 U.S. 956 (1988), the court examined the definition of employee in 29 U.S.C. § 152(3):

> The term "employee" shall include any employee . . . and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment . . . .

The Court determined that a Union has no duty to represent ex-employees whose termination was not at issue. *Merk*, 848 F.2d at 765. There is no dispute that Juneau's employment ended after he was injured and permanently disabled. Thus, by operation of statute and application of the CBA, Juneau was not a member of the bargaining unit in 2003.

Because Juneau was not a member of the bargaining unit in 2003, he lacks standing to press any of his claims of breach of the duty of fair representation against the Union. "A union's duty of fair representation, however, does not extend to persons who are not employees in the bargaining unit." *Karo v. San Diego Symphony Orchestra Assoc.*, 762 F. 2d 819, 821 (9th Cir. 1985). *See also Allied Chemical & Alkali Workers v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 181 n. 20 (1971) (no duty to retirees no longer in bargaining unit); *Cooper v. General Motors Corp.* 651 F. 2d 249, 250 (5th Cir. 1981) (no duty to former bargaining unit members). *Cf. Anderson v. AT&T Corp.*, 147 F.2d 467 (6th Cir. 1998) (union could not grieve case involving ex-members who transferred to another bargaining unit); *Meza v. General Battery Corp.*, 908 F.2d

1262, 1271 (5th Cir. 1990) ("A union's representative authority does not automatically extend to its former members."). Because Juneau's employee rights were terminated by operation of the CBA and he was no longer a member of the bargaining unit in consequence, the Union had no duty to represent him and there could be no breach. The Union is therefore entitled to summary judgment.

2.   Juneau's vacation pay claim is prescribed

A six month statute of limitations operates in a hybrid Section 301 action. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 155 (1983). "The six-month limitation period begins to run when the employee knew or in the exercise of reasonable diligence should have known of the basis of his claim." *Lee v. U.P.S.*, No. 03-2174, 2004 U.S. Dist. LEXIS 3049, n. 13 (E.D. La., Feb. 26, 2004) (attached as Exhibit 2). *See Barrett v. Ebasco Constructors, Inc.*, 868 F. 2d 170, 171 (5th Cir. 1989) (statute of limitations begins to run after the plaintiff knew or should have known the act constituting the alleged breach).

Juneau claims he was due vacation pay based on work performed on or before April 26, 2001, the last day he actually worked at Kreihs. Therefore, Juneau knew or should have known that he was entitled to vacation pay within six months of that date. Even if Juneau could somehow argue that his entitlement to vacation pay was based on work performed during the calendar year of 2001, the six months statute of limitations period expired well before this action was filed in 2003. As stated in *Lee, supra*, the plaintiff must exercise "reasonable diligence" in investigating his claim. Here, there is no evidence Juneau did anything during the two year interval from discharge to assertion of a vacation pay claim. Therefore, the Union is entitled to summary judgment regarding any claim of breach of the duty of fair representation regarding the

vacation pay issue.

        3.      Failure To Exhaust Contractual Remedies

            a.      Failure to Invoke Grievance Procedure Regarding Vacation Pay

It is well settled that member of a collective bargaining unit must first exhaust contractual grievance procedures before bringing a claim against a union for breach of the duty of fair representation. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965). "Failure to utilize the grievance procedures, or to invoke them in a timely manner, bars grievants from pursuing remedies in court". *Carr v. Pacific Maritime Ass'n*, 904 F. 2d 1313, 1317 (9th Cir. 1990).

The Union is entitled to summary judgment because Juneau failed to utilize the grievance procedure regarding his vacation pay claim. Juneau admits that he never attempted to invoke the grievance procedure regarding the vacation pay issue. T.121. Juneau never discussed the matter or consulted with any Union officials. T.121. "[I]f a worker doesn't even ask his union to press a grievance for him he can hardly complain that it has failed to represent him." *Mechmet v. Four Seasons Hotel, Ltd.*, 825 F. 2d 1173, 1178 (7th Cir. 1987). Because Juneau made no attempt to invoke the grievance procedures, the Union cannot have breached any duty of fair representation. *Flanigan v. Local 677, Intern. Brotherhood of Teamsters*, 942 F. 2d 824, 829 (2d Cir. 1991) ("Because appellants did not ask the Union to process a grievance on this issue, they cannot complain that the Union failed to represent them properly."). The Union is entitled to summary judgment on this claim as a matter of law.

            b.      Failure to Timely Invoke Grievance Procedure Regarding Tools

The Union is entitled to summary judgment because Juneau failed to invoke the grievance procedures concerning his tools in a timely fashion. Juneau reportedly discovered the theft of his

tools on May 30, 2003. According to Juneau, he waited two months and on July 30, 2003, asked Union steward Wayne English to file a grievance on his behalf. At all relevant times, Juneau had a copy of the CBA and he is charged with knowledge of its contents as a matter of law. *Shapiro v. Cook United, Inc.*, 762 F.2d 49, 54 (6th Cir. 1985). The cba requires that a grievance be filed within seven days of the incident or infraction. Exhibit 2, Article XXI, Section 2. Juneau's delay in invoking the grievance process bars any recovery by operation of law. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965).

It is anticipated that Juneau will argue that his account of a discussion he had with Union steward Wayne English on June 2, 2003 somehow operated as an invocation of the grievance process. Discussing the theft of the tools with Kreihs employees, Juneau allegedly asked English what English could do for him. T.96, 97, 99. Such a conversational gambit is insufficient to attach liability. *See e.g., Mack v. Otis Elev. Co.*, 326 F.3d 116, 129 (2d Cir. 2003) *cert. denied*, 124 S.Ct. 562 (2003) (plaintiff's complaints insufficient evidence to support claim of breach of duty of fair representation; plaintiff never asked Union to file a grievance); *Perry v. Midstates Independent Union*, 20 Fed. Appx. 527, 530-531 (7th Cir. 2001) (affirming decision in Union's favor; employee's request to his union representative for help after he was terminated was not sufficient to invoke grievance procedure.); *Mullins v. Intern. Union of Operating Engineers, Local No. 77*, 214 F. Supp. 2d 655 (E. D. Va. 2002), *aff'd*, 60 Fed. Appx. 510 (4th Cir. 2003) (plaintiff's recollection that union representative used the word "arbitration" during a discussion insufficient to indicate plaintiff's invocation of grievance procedure); *Wright v. Safeway, Inc.*, 804 F. Supp. 752, 756 (D. Md. 1992) (employee did not invoke grievance procedure when he complained because he never asked the Union to do anything and never mentioned the word

grievance). Accordingly, the Union is entitled to judgment on this matter.

4. No Breach

Finally, the Union is entitled to summary judgment because the Union has no duty to process a grievance it considers lacking in merit. *Vaca v. Sipes*, 386 U.S. 171, 191 (1967). A union breaches its duty of fair representation only if the Union's actions were arbitrary, discriminatory, or in bad faith. *Id.* at 190. Juneau testified that Union steward English advised Juneau that the Union would not process the grievance concerning his lost tools because of lack of jurisdiction; as previously discussed, Juneau was not a member of the bargaining unit and his claim was untimely. The Union did not arbitrarily refuse to process the grievance; the Union refused to process a grievance it determined lacking in merit. Therefore, the Union did not breach its duty by refusing to process a grievance regarding the theft of tools. *See Hammons v. Adams*, 783 F.2d 597, 602 (5th Cir. 1986) (union has no duty to prosecute grievance without merit). The Union is entitled to a wide range of deference in deciding to pursue a grievance. *See Landry v. Cooper/T.Smith Stevedoring Co.*, 880 F.2d 846 (5th Cir. 1989) (union's settlement of grievance not arbitrary or discriminatory even if motivated by concern for all employees in Unit). Absent ill motive, the Union's decision to not pursue a claim is not a breach of its duty of fair representation. *Vaca v. Sipes*, 368 U.S. 171 (1967). The Union is entitled to summary judgment because its refusal to process a non-meritorious grievance does not breach the duty of fair representation.

## IV. CONCLUSION

The Union asks for entry of summary judgment in its favor. As a matter of law, the Union cannot breach a duty it does not owe. Juneau was not an employee or member of the

bargaining unit in 2003 when Juneau contends the Union failed to represent him. Secondly, the Union is entitled to summary judgment because Juneau did not exhaust his contractual remedies, a precursor for any duty to him by the Union, and his vacation pay claim is time barred. Juneau failed to properly invoke the grievance procedure because he did not ask the Union to file a grievance on his behalf regarding vacation pay he claims he was owed. Juneau further failed to invoke the grievance procedure in a timely fashion because he did not ask the Union to fie a grievance on his behalf regarding the stolen tools until well after the time allotted for the filing of a timely grievance.

Finally, even if the Union did have any duty to Juneau, it did not breach its duty of fair representation when it refused to process a grievance lacking in merit. The Union respectfully asks for entry of summary judgment in its favor on all claims.

Respectfully submitted,

ROBEIN, URANN & LURYE

_____
WILLIAM LURYE (LA. BAR NO. 17032)
ANDREA J. WILKES (LA. BAR NO. 26305)
2540 Severn Avenue, Suite 400 (70002)
Post Office Box 6768
Metairie, LA 70009-6768
Telephone: (504) 885-9994
Attorneys for Defendant, International Association of Machinists and Aerospace Workers, Crescent City Lodge Local 37, AFL-CIO

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing has been duly served on all counsel of record by hand delivery, this _30th_ day of November, 2004.

                                                    Andrea J. Wilkes

F:\APPS\WP51\Andrea\iamaw37\suppsj.wpd

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK T. JUNEAU<br>        Plaintiff | CIVIL ACTION<br><br>NO. 03-3153 |
| VERSUS | SECTION "S" (4) |
| BUCK KREIHS CO., INC., AND<br>INTERNATIONAL ASSOCIATION OF<br>MACHINISTS AND AEROSPACE WORKERS,<br>CRESCENT CITY LODGE LOCAL 37,<br>AFL-CIO<br>        Defendants. | JUDGE LEMMON<br><br>MAGISTRATE JUDGE ROBY |

## NOTICE OF HEARING

TO:    Robert E. McKnight, Jr.                  Robert K. McCalla
         Murphy & McKnight                    Fisher and Phillips
         P. O. Box 30210                           201 St. Charles Avenue, Suite 3710
         New Orleans, LA 70190-0210         New Orleans, LA 70170
         Counsel for Plaintiff Mark T. Juneau    Counsel for Defendant, Buck Kreihs Co.

PLEASE TAKE NOTICE that on the 15th day of December, 2004, at 10:00 a.m. or as soon thereafter as they may be heard, defendant, International Association of Machinists and Aerospace workers, Crescent City Lodge Local 37, AFL-CIO ("Union"), will bring its Motion For Summary

1

Judgment on for hearing before Judge Lemmon, 500 Poydras Street, Courtroom C406, New Orleans, Louisiana.

        Respectfully submitted,

        ROBEIN, URANN & LURYE

        _____
        WILLIAM LURYE (LA. BAR NO. 17032)
        ANDREA J. WILKES (LA. BAR NO. 26305)
        2540 Severn Avenue, Suite 400 (70002)
        Post Office Box 6768
        Metairie, LA 70009-6768
        Telephone: (504) 885-9994
        Attorneys for Defendant, International Association of Machinists and Aerospace Workers, Crescent City Lodge 37, AFL-CIO

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing pleading has been forwarded to counsel for plaintiff and counsel for defendant, Buck Kreihs, by hand delivery, this 30th day of November, 2004.

        _____
        Andrea J. Wilkes

F:\APPS\WP51\Andrea\iamaw37\NoticeofHearingMSJ.wpd

2

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED